Cortés Trigo, Juez Ponente
*672 TEXTO COMPLETO DE LA SENTENCIA
El Sr. Thierry Goins (Sr. Goins) recurre de la Resolución emitida el 2 de agosto de 2007 (Resolución) por la Administración de Reglamentos y Permisos (ARPE), archivada en autos y notificada a las partes ese mismo día. Mediante la Resolución, ARPE aprobó el anteproyecto de construcción alterno sometido en el Caso Núm. 04AX2-CET00-11014 (Caso 04AX2-CET00-11014) y autorizó la preparación de las enmiendas correspondientes a los planos de construcción para el proyecto comercial turístico en la propiedad sita en la Calle Vending Núm. 2, Barrio Santurce, Sector Condado del Municipio de San Juan.
El 15 de agosto de 2005, el Sr. Todd Berman y Sea View Hospitality Group, Inc. (parte recurrida) presentaron ante ARPE una solicitud de anteproyecto, Caso 04AX2-CET00-11014. La misma contemplaba un proyecto que consistía entonces en la demolición parcial y remodelación de una estructura a utilizarse como hotel. La remodelación contemplaba la construcción de cuatro (4) niveles adicionales para un total de 21 habitaciones. Además, contemplaba la construcción de áreas de servicios (vestíbulo, recepción, cocina) y de entretenimiento ( “cyber-café ”, restaurante, “lounge-bar”) y terrazas al aire libre en los primeros dos niveles de la estructura. El solar objeto de la consulta está clasificado comercial turístico (CT) conforme a las disposiciones del Reglamento de Zonificación Especial del Condado.
El Sr. Goins es dueño de una propiedad que colinda con la propiedad objeto del presente caso y parte interesada y directamente afectada por el mismo, por lo que presentó oportunamente una querella sobre el mismo ante ARPE. El 14 de febrero de 2006, el Sr. Goins solicitó ante ARPE autorización para intervenir en el proceso.
El 1 de septiembre de 2006, notificada el 7 de igual mes y año, ARPE aprobó el anteproyecto de construcción con las variaciones solicitadas y autorizó la preparación de los planos de construcción. El Sr. *673 Goins solicitó reconsideración de dicha determinación el 27 de septiembre de 2006, la que fue declarada no ha lugar mediante resolución de 28 de septiembre de 2006, notificada el 10 de octubre de 2006.
El 9 de noviembre de 2007, el Sr. Goins presentó un recurso de revisión ante este Tribunal bajo el Caso Núm. KLRA-2006-00911 (Caso KLRA-2006-00911). El 30 de abril de 2007, notificada el 7 de mayo de 2007, otro panel de este Tribunal dictó sentencia confirmando en su totalidad la Resolución emitida por la ARPE.
El 6 de junio de 2007, el Sr. Goins presentó una petición de certiorari ante el Tribunal Supremo, Núm. CC-07-0462. El 29 de junio de 2007, el Tribunal Supremo declaró no ha lugar la petición de certiorari, la cual se notificó a las partes y archivó en autos copia de su notificación el 3 de julio de 2007. El Sr. Goins solicitó reconsideración el 19 de julio de 2007, y el 19 de octubre de 2007, el Tribunal Supremo declaró la misma no ha lugar, notificada el 23 de octubre de 2007.
El 2 de agosto de 2007, ARPE emitió una Resolución autorizando un anteproyecto de construcción alterno para el Caso 04AX2-CET00-11014 y la preparación de las enmiendas correspondientes a los planos de construcción para el proyecto comercial turístico. Ahora, en lugar de remodelar la estructura existente, ésta se demolerá en su totalidad para la construcción del hotel. El 22 de agosto de 2007, el Sr. Goins solicitó reconsideración de la misma. La ARPE declaró no ha lugar la solicitud de reconsideración el 30 de agosto de 2007, notificada a las partes el 1 de octubre de 2007.
Inconforme, el 8 de octubre de 2007, el Sr. Goins presentó ante nos el recurso de revisión de autos en el que plantea los siguientes señalamientos de errores:

"1) Erró A.R.P.E. al emitir una Resolución que carece de análisis e ignora los conflictos de prueba en el caso; no describe los hechos rechazados y las razones que tuvo para ello la agencia y que carece, además, de las determinaciones de hechos y conclusiones de derecho que justifiquen la concesión de las variaciones autorizadas.

2) Erró la A.R.P.E. al autorizar un anteproyecto que no cumple con los requisitos de provisión de espacios de estacionamiento del Reglamento de Zonificación Especial del Condado y que viola las disposiciones de la Ley Núm. 183 de 17 de agosto de 2002.

3) Erró la A.R.P.E. al aplicar al caso de epígrafe el Reglamento de Ordenación Territorial de San Juan, cuando al Sector del Condado aplica el Reglamento de Zonificación Especial del Condado, adoptado para dicho sector. ”

n
Debemos apuntar que los tribunales apelativos deben ser cautelosos al intervenir con las determinaciones administrativas de los foros especializados, porque éstas merecen gran consideración y respeto por los tribunales en la etapa de revisión judicial. Rivera Concepción v. A.R.P.E., 152 D.P.R. 116, 122 (2000); Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692, 699 (1975). Es principio reiterado que las conclusiones e interpretaciones de los organismos administrativos merecen gran deferencia por parte de los tribunales. Asoc. Res. Pórticos v. Compad, S.E., 163 D.P.R. _ (2004), 2004 J.T.S. 204, pág. 538; García Oyola v. J.C.A., 142 D.P.R. 532, 540 (1997).
Los tribunales deben ser cautelosos al intervenir con las determinaciones administrativas. Metropolitana, S. E. v. A.R.P.E., 138 D.P.R. 200, 213 (1995); Viajes Gallardo v. Clavell, 131 D.P.R. 275, 290 (1992). El fundamento pará ello es el hecho de que son las agencias administrativas las que poseen la experiencia y los conocimientos altamente especializados que se encuentran dentro del ámbito de sus facultades y *674 responsabilidades. Fac. C. Soc. Aplicadas, Inc. v. C.E.S., 133 D.P.R. 521, 533 (1993). Por tanto, se establece una presunción de legalidad y corrección a favor de las agencias administrativas. A.R.P.E. v. Junta de Apelaciones sobre Construcciones y Lotificaciones, 124 D.P.R. 858, 864 (1989); Murphy Bernabé v. Tribunal Superior, 103 D.P.R., a la pág. 699.
La revisión judicial es limitada. Sólo determina si la agencia actuó arbitraria o ilegalmente, o en forma tan irrazonable que abusó de su discreción. Cruz v. Administración de Corrección, 164 D.P.R. _ (2005), 2005 J.T.S. 39, págs. 942-943; Mun. de San Juan v. J.C.A., 149 D.P.R. 263, 280 (1999); Fuertes y otros v. A.R.P.E., 134 D.P.R. 947, 953 (1993). De acuerdo con esta norma de deferencia, los tribunales no alteran las determinaciones de hechos de los organismos administrativos si del expediente administrativo surge evidencia sustancial que las sostenga. Otero et al. v. Toyota, 163 D.P.R. _ (2005), 2005 J.T.S. 13, pág. 685; Rebollo v. Yiyi Motors, 161 D.P.R. 69, 77 (2004); Asoc. Vec. H. San Jorge v. U Med. Corp., 150 D.P.R. 70, 75 (2000); Fac. C. Soc. Aplicadas, Inc. v. C.E.S., supra, págs. 532-533. La evidencia sustancial "As aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. ” Asoc. Vec. H. San Jorge v. U. Med. Corp., 150 D.P.R., a la pág. 75; Ramírez Rivera v. Departamento de Salud, 147 D.P.R. 901, 906 (1999); Hilton Hotels v. Junta de Salario Mínimo, 74 D.P.R. 670, 687 (1953).
Así es que, para convencer al tribunal de que la evidencia utilizada por la agencia para formular una determinación de hecho no es sustancial, la parte afectada debe demostrar que existe otra prueba en el récord que reduzca o menoscabe el valor probatorio de la evidencia impugnada hasta el punto de que no pueda ser concluido que la determinación de la agencia fue razonable de acuerdo a la totalidad de la prueba que tuvo ante su consideración. Otero et al. v. Toyota, 163 D.P.R. _ (2005), 2005 J.T.S. 13, pág. 685; Rebollo v. Yiyi Motors, 161 D.P.R. 69, 77 (2004); Ramírez Rivera v. Departamento de Salud, 147 D.P.R., a la pág. 906; Metropolitana, S.E. v. A.R.P.E., 138 D.P.R., a la pág. 213; Hilton Hotels v. Junta de Salario Mínimo, 74 D.P.R., a la pág. 686.
III
En el primer señalamiento de error, el recurrente imputa error a ARPE al emitir un dictamen carente de determinaciones de hechos y conclusiones de derecho.
La Sec. 3.14 de la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme (LP„AU), 3 L.P.R.A. see. 2164, exige que las órdenes o resoluciones finales de las agencias incluyan o expongan separadamente determinaciones de hechos si éstas no se han renunciado y conclusiones de derecho que fundamenten la adjudicación, ya que ello es necesario para la función revisora de los tribunales.
Entre los objetivos que se persiguen para que los foros administrativos emitan determinaciones de hechos y conclusiones de derecho están los siguientes: 1) proporcionar a los tribunales la oportunidad de revisar adecuadamente la decisión administrativa y facilitar esta tarea; 2) fomentar que la agencia adopte una decisión cuidadosa y razonada dentro de los parámetros de su autoridad y discreción; 3) ayudar a la parte afectada a entender porqué el organismo administrativo decidió como lo hizo, y, al estar mejor informada, poder decidir si acude al foro judicial o acata la determinación; 4) promover la uniformidad intraagencial, en particular cuando el proceso decisorio institucional es adoptado por distintos miembros de un comité especial a quienes les está encomendado celebrar vistas y recibir la prueba; y 5) evitar que los tribunales se apropien de funciones que corresponden propiamente a las agencias administrativas bajo el concepto de especialización y destrezas. Municipio de San Juan v. Plaza Las Américas, 169 D.P.R._, 2006 J.T.S. 164, pág. 358; Reyes Salcedo v. Policía, 143 D.P.R. 85, 94 (1997); Rivera Santiago v. Srio. de Hacienda, 119 D.P.R. 265, 276-278 (1987).
Según surge del expediente ante nos, la estructura de la parte recurrida está ubicada en un distrito de clasificación CT. La parte recurrida solicitó variaciones en cuanto al área de ocupación, altura del edificio y *675 estacionamientos. Asimismo, ARPE anteriormente había autorizado el anteproyecto de construcción con las variaciones solicitadas. Las variaciones solicitadas fueron sostenidas por este Tribunal y el Tribunal Supremo.
La parte recurrida solicitó demoler en su totalidad la estructura de dos plantas existente y propone la construcción del proyecto nuevo en su totalidad. Examinado el expediente ARPE determinó lo siguiente:
“Los parámetros de diseño son los mismos a lo aprobado anteriormente por la ARPE, excepto el Área Bruta del Piso la cual aumentaría de 878.56 m.c a 1,338 m.c. Este aumento representa un por ciento de área bruta de piso de 342.2%, lo cual todavía es menor al máximo permitido de 510% según la Sección 3.05.2 del Reglamento; de Ordenación Territorial del Municipio de San Juan.

La solicitud de variación a la reglamentación vigente fue realizada mediante el caso anterior y las mismas no cambian, siendo de aplicabilidad el Reglamento de Zonificación Especial del Condado y el Reglamento de Ordenación Territorial del Municipio de San Juan, vigente al 13 de marzo de 2003. ”

Más importante aún, ARPE señaló que:

“Durante el período transcurrido para la evaluación del anteproyecto nos dimos a la tarea de evaluar las alternativas constructivas para poder realizar el concepto arquitectónico. La alternativa sometida inicialmente para la evaluación ante la Administración de Reglamentos y Permisos contemplaba la utilización de la estructura existente de dos niveles a la cual se le habría de incorporar un sistema de refuerzo estructural de micropilotes a ser realizados mediante demolición selectiva.

Luego de un extenso proceso de evaluación a este método de construcción, se ha llegado a la conclusión de que no resulta ser un método constructivo económicamente viable y, en adición, no garantiza la integridad de los elementos estructurales existentes ya seriamente afectados por el salitre y las inclemencias del tiempo. La estructura se encuentra desocupada desde hace tres años por lo que los elementos naturales han incrementado a su efecto degenerativo por la falta de mantenimiento. ” Apéndice, págs. 17-18.
La Resolución indica, además, que el Departamento de Urbanismo del Municipio de San Juan expidió un “Endoso Condicionado” al proyecto y se presentó evidencia de solicitud de un nuevo endoso al Departamento de Recursos Naturales y Ambientales, mediante carta entregada de 12 de julio de 2006.
Como mencionamos anteriormente, en nuestro ordenamiento jurídico impera una actitud de deferencia y respeto ante las decisiones de los organismos administrativos. Por esa razón, de ordinario, no intervendremos con una determinación tomada por un foro administrativo, salvo que se nos demuestre que la misma es caprichosa, arbitraria o errónea en derecho.
Ello no ha ocurrido en este caso. El Sr. Goins no nos ha colocado en posición de alterar la determinación emitida por ARPE, toda vez que no ha demostrado que la misma fue irrazonable o que hubiese evidencia en el expediente que la socave. Tampoco explica en su escrito porqué las variaciones concedidas no satisfacen los criterios reglamentarios. Meros argumentos sin sustanciar no son suficientes para derrotar la presunción de corrección que cobija a las actuaciones de los organismos administrativos.
Así pues, entendemos que ARPE no cometió el error señalado por el recurrente en cuanto a que la Resolución de la agencia aprobando el anteproyecto alterno no contenía determinaciones de hechos ni conclusiones de derecho. En la referida Resolución hay varios criterios que ciertamente son los fundamentos que apoyan la determinación de la agencia administrativa. Resolvemos que la determinación recurrida es razonable y se sostiene en la totalidad del expediente. No hemos de intervenir con el criterio especializado de la agencia en esta etapa del proceso. Por tanto, no se cometió el error señalado.
*676 Señala el recurrente, como segundo error, que ARPE erró al autorizar el anteproyecto de construcción porque éste no cumple con los requisitos de provisión de espacios de estacionamientos del Reglamento de Zonificación Especial del Condado y que viola las disposiciones de la Ley Núm. 183 de 17 de agosto de 2002. Sostiene que ARPE autorizó la variación con sólo la presentación de una carta suscrita por un operador de un estacionamiento público, en la que se le indica a ARPE que le brindarán servicios de estacionamientos al hotel propuesto.
La Sec. 3.11 del Reglamento del Condado establece, en lo aquí pertinente, que:

“Cualquier arreglo para estacionamiento fuera de los límites de la propiedad deberá quedar formalizado mediante gravamen o servidumbre sobre el predio que provee estacionamiento inscrito en el Registro de la Propiedad o mediante gravamen preferente sobre el predio que genera la demanda de estacionamiento, fianza o carta de crédito que sentará los términos del permiso para garantizar el pago del arrendamiento de los espacios de estacionamiento. ”

De otra parte, la doctrina de cosa juzgada aplica cuando las controversias a ser dilucidadas fueron actualmente litigadas y necesarias para la decisión previa. El Art. 1204 del Código Civil, 31 L.P.R.A. See. 3343, dispone, en su parte pertinente, que “para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurran la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron
En Pagán Hernández v. U.P.R., 107 D.P.R. 720, 732-733 (1978), se indicó que el efecto de la doctrina de cosa juzgada cuando ésta aplica, es que la sentencia dictada en un pleito anterior impide que se litigue en un pleito posterior entre las mismas partes y sobre la misma causa de acción y cosas, las cuestiones ya litigadas y adjudicadas y aquéllas que pudieron haber sido litigadas y adjudicadas con propiedad en la acción anterior. Además, dicho caso resolvió que la aplicación de la doctrina de cosa juzgada en el campo administrativo es flexible y depende de la naturaleza de la cuestión que se plantea en el ámbito judicial. Así, un tribunal debe aplicar dicha doctrina cuando las razones para ello estén presentes con toda su fuerza, modificarla cuando sean necesarias algunas alteraciones y rechazarla cuando las razones en contra de su aplicación sean de mayor peso que aquellas a su favor. Id., a las págs. 734-735.
Eq el caso que nos ocupa, ARPE había determinado en la resolución emitida el 1 de septiembre de 2006 que el proyecto colinda al Sur con un estacionamiento que sirve a las calles Vending y Sea View. Este estacionamiento cuenta con capacidad de 38 espacios. Además de este estacionamiento y a menos de un bloque de distancia se encuentra en la calle Ashford un estacionamiento con capacidad de aproximadamente 90 vehículos. Estos estacionamientos son suficientes para cubrir la demanda del proyecto propuesto. ARPE señaló, además, que era imperativo autorizar la propuesta para hacer viable el proyecto, toda vez que se utiliza al máximo la edificación existente la cual no contaba con suficiente capacidad para estacionamientos. No obstante, debido a la naturaleza turística del proyecto y el bajo número de dormitorios, se contempla una actividad que no habrá de impactar adversamente el patrón vial existente, razón por la cual se consideró meritorio que se otorgara una variación a este requisito de estacionamiento.
El planteamiento del recurrente fue evaluado por este foro en el Caso KLRA-2006-00911. Al confirmar la resolución emitida por ARPE, este Tribunal resolvió que dicha agencia consideró la naturaleza de la variación, la falta de espacios de estacionamientos y la extensión de la variación según su mejor criterio. Y, conforme a su expertise, entendió bien servido este parámetro con las comunicaciones que fueron presentadas por la parte recurrida y autorizó la variación tras un análisis completo de las circunstancias particulares que rodean este proyecto, en particular el hecho de que se trata de un solar pre-existente, cuya área es menor a la requerida reglamentariamente (450 m2), contando solamente con 391m2. Se concluyó que el recurrente no demostró “la irrazonabilidad o arbitrariedad de dicha conclusión, por lo que tampoco estamos en posición de intervenir con *677 el criterio de la agencia."
La parte recurrente pretende litigar nuevamente ante nos la controversia referente a la variación en los estacionamientos. Tal controversia ya fue adjudicada por este Tribunal. Entrar en los méritos de ese planteamiento de error equivaldría a restarle finalidad a un dictamen de este foro y es cosa juzgada.
De otra parte, no creemos necesario discutir el señalamiento del recurrente de que ARPE violó la Ley Núm. 183 de 17 de agosto de 2002, la cual enmendó el Artículo 1 de la Ley Orgánica de la ARPE, 23 L.P.R.A. see. 71o., porque este articulado es de aplicación para la expedición de permisos de construcción o de uso. El proyecto presentado ante ARPE no es un permiso de construcción o de uso, sino un anteproyecto. ARPE no está obligada a autorizar la construcción proyectada hasta tanto se cumplan las condiciones impuestas por dicha agencia. En esta etapa de estudio, la aprobación de ARPE no constituye una autorización para iniciar construcción alguna. Esta última sólo se da en la etapa de la aprobación de los planos finales, la cual en el caso de autos aún no se ha dado.
En su tercer señalamiento de error, el recurrente señala que al caso le aplica el Reglamento de Zonificación Especial del Condado, por lo que ARPE no debió aplicar el Reglamento de Ordenación Territorial del Municipio de San Juan. No tiene razón.
Entre los deberes y las facultades del Administrador de ARPE se encuentran aplicar y velar el cumplimiento de sus reglamentos y los que haya adoptado o adopte la Junta de Planificación de Puerto Rico para el desarrollo, subdivisión y uso de terrenos y para la construcción y uso de edificios, así como el cumplimiento de toda ley estatal, ordenanza o reglamentación de cualquier organismo gubernamental que regule la construcción en Puerto Rico. 23 L.P.R.A. sec. 71 (p).
El Reglamento de Procedimientos Adjudicativos de la ARPE, Reglamento Núm. 6435 de 19 de abril de 2002 (Reglamento 6435), considera que algunos proyectos, debido a circunstancias especiales, no tienen que cumplir estrictamente con los requisitos de los reglamentos aplicables. A estos fines, la sección 16.00 de dicho Reglamento, sobre variaciones y excepciones, dispone que el Administrador o el Gerente del Centro de Servicios, cuando le fuere delegado, podrá otorgar variaciones y excepciones a los requisitos de los reglamentos conforme a las leyes y reglamentos aplicables.
Por otro lado, la Junta de Planificación adoptó el Reglamento de Zonificación Especial del Condado, Reglamento Núm. 3319 de 7 de junio de 1986 (Reglamento del Condado). Éste tiene el propósito de establecer normas y criterios que rijan y promuevan el desarrollo de uno de los sectores de mayor atractivo turístico en Puerto Rico con el fin ulterior de promover el bienestar no sólo de los turistas, sino además de los residentes y comerciantes del área. Reglamento del Condado, Sec. 1.02. Las disposiciones del Reglamento del Condado prevalecerán sobre y quedarán complementadas por las disposiciones de cualquier otro reglamento en vigor adoptado por la Junta de Planificación que sean de aplicación para la zona específica en que ubique la propiedad, hasta donde éstas no fueren incompatibles con la materia específicamente cubierta por este Reglamento. Reglamento del Condado, Sec. 1.07.
El Reglamento del Condado contiene unas disposiciones que le permiten a ARPE conceder permisos para usos que no están autorizados por dicho reglamento o flexibilizar el cumplimiento de algunos de sus requisitos, si median ciertas circunstancias especiales. Reglamento del Condado, Sección 6.00.
De otra parte, el Reglamento de Ordenación Territorial del Municipio de San Juan, aprobado el 13 de marzo de 2003 (Reglamento del Municipio de San Juan), tiene el propósito de establecer las normas para guiar y controlar el uso, desarrollo y redesarrollo de los suelos; promover el desarrollo ordenado, racional e integral del territorio; proteger, defender y conservar sus componentes naturales, incluyendo áreas verdes, áreas de *678 recreación y zonas o sitios de interés histórico, arquitectónico, cultural, turístico, simbólico o arqueológico; revitalizar, rehabilitar y repoblar los centros y distritos urbanos tradicionales; redesarrollar sectores estratégicos del territorio municipal; y promover el desarrollo integral de todas las áreas periferales de la ciudad. Reglamento del Municipio de San Juan, Sec. 1.03.
El Reglamento del Municipio de San Juan estableció una prelación de normas en aquellos casos en que concurrieran dos o más instrumentos de planificación. Así pues, en su Sección 1.09 dispone lo siguiente:

“Cuando concurran dos o más instrumentos de planificación respecto a determinados inmuebles se seguirán las normas de cada instrumento en el siguiente orden jerárquico:

[■■■]

b. Las disposiciones de este Reglamento prevalecerán y se complementarán con las disposiciones de cualquier otro reglamento de planificación o documento en vigor que sea aplicable al caso en particular, excepto en el caso de reglamentación de carácter regional o estatal y/o reglamentación especial a establecerse por virtud de ley. Estos se interpretarán a la luz de los objetivos de este Reglamento, las leyes, ordenanzas municipales, Objetivos y Políticas Públicas del Plan de Usos de Terrenos de Puerto Rico adoptado por la Junta de Planificación. ”

La figura de la variación de uso que expresamente está contemplada en la Sección 6.00 del Reglamento del Condado, también está contemplada en el Reglamento del Municipio de San Juan, en la Sección 16.00.
Como puede verse, tanto en el Reglamento del Condado, como en el Reglamento del Municipio de San Juan, se otorga facultad a ARPE para autorizar usos no permitidos en ambos reglamentos mediante el mecanismo de la variación de uso. En ambos reglamentos, el principio fundamental para permitir la variación de uso es que la aplicación literal del uso permitido resultase en la prohibición o restricción irrazonable del disfrute de una propiedad a tal punto que prácticamente constituya una confiscación de la propiedad.
En vista de lo anterior, resulta forzoso concluir que la decisión de ARPE de aplicar el Reglamento del Municipio de San Juan en la evaluación del anteproyecto de construcción alterno fue correcta. El recurrente no ha producido evidencia para derrotar la presunción de legalidad „y corrección de la determinación que emitió ARPE y se ha limitado a hacer alegaciones vagas e imprecisas. Tampoco nos ha demostrado que la decisión del ente administrativo no está justificada por una evaluación justa de la prueba que tuvo ante su consideración. En vista de la deferencia que nos merece la determinación de ARPE y de acuerdo con lo aquí expuesto, procede que confirmemos el dictamen recurrido.
IV
Por los fundamentos expuestos, se confirma la resolución recurrida.
Notifíquese.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Leda. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones
*679 ESCOLIO 2008 DTA 9
1. Señaló, entre otros, los siguientes errores:

“Segundo Error: Erró la A.R.P.E. al emitir en este caso una resolución que carece de las determinaciones de hechos y conclusiones de derecho que justifiquen la. concesión de las variaciones autorizadas.

Tercer Error: Erró laA.R.P.E. al autorizar un anteproyecto con múltiples variaciones sin que de su Resolución, ni de su expediente administrativo obre evidencia alguna de circunstancias extraordinarias y únicas que lo justifiquen.

Cuarto Error: Erró la A.R.P.E. al autorizar un anteproyecto sin que hubiese culminado la fase de evaluación ambiental del mismo ante la Junta de Calidad Ambiental.

Quinto Error: Erró la A.R.P.E. al autorizar un anteproyecto que viola las disposiciones de la Ley Núm. 183 de 17 de agosto de 2002.

Sexto Error: Erró la A.R.P.E. al autorizar un anteproyecto que no cumple con los requisitos de provisión de espacios de estacionamiento del Reglamento de Zonficación Especial de Condado.

Octavo Error: Erró la A.R.P.E. al autorizar un anteproyecto de construcción en crasa violación al procedimiento establecido en la Sección 2.05 del Reglamento de Ordenación Territorial del Municipio Autónomo de San Juan. ”