ADMINISTRACIÓN DE REGLAMENTOS Y PERMISOS, demandante y peticionaria, *v.* JUNTA DE APELACIONES SOBRE CONSTRUCCIONES Y LOTIFICACIONES ET ALS., demandados y recurridos.

*Número:* CE-89-141        *Resuelto:* 7 de diciembre de 1989

*Maritza Rodríguez Alonso,* abogada de la peticionaria; *Milagros Arrieta Díaz,* abogada de la Junta de Apelaciones sobre Construcciones y Lotificaciones, recurrida; *Rafael Vázquez Colón, pro se,* recurrido; *Jorge L. Cajigas Morales,* abogado del interventor.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

Mediante orden de mostrar causa revisamos la decisión de la Junta de Apelaciones sobre Construcciones y Lotificaciones (en adelante la Junta de Apelaciones) que revocó la denegatoria de la Administración de Reglamentos y Permisos (en adelante A.R.P.E.) a la concesión de un permiso de uso para establecer una oficina de abogado en la Urbanización El Vedado en Río Piedras, Puerto Rico, en un distrito clasificado como residencial. Evaluadas las comparecencias de todas las partes, resolvemos según intimado en nuestra resolución.

I

Este recurso se origina en 1987 cuando el Lcdo. Rafael Vázquez Colón solicitó un permiso de uso para establecer una oficina de abogado en la Calle Hija del Caribe en la Ur-

banización El Vedado en Río Piedras en una zona clasificada como R-3 en el mapa de zonificación de San Juan.

Ante la negativa de A.R.P.E. a conceder el permiso solicitado, el letrado apeló a la Junta de Apelaciones. En su escrito de apelación el abogado recurrido expresó que la propiedad está localizada en un solar frente al condominio El Centro, un complejo residencial-comercial en Hato Rey.

Luego de celebrar una vista evidenciaria, la Junta de Apelaciones concluyó que la "pertenencia en cuestión . . . está rodeada de distritos comerciales intensos, lo cual constituye una restricción al uso para [el] cual fue destinada la propiedad". Anejo 1, págs. 16 y 20. Por lo tanto, la Junta de Apelaciones concluyó que las circunstancias atinentes del caso autorizaban un permiso de uso permanente mediante el mecanismo de variación.

Como el Tribunal Superior denegó el auto de revisión, A.R.P.E. solicita que revoquemos la resolución de la Junta de Apelaciones, porque es contraria a la reglamentación vigente y no aplica rigurosamente al principio de "autoinflicción" del daño. Mediante resolución, requerimos a la parte recurrida que mostrara causa por la cual no se debía revocar la sentencia emitida por el Tribunal Superior. Evaluada su comparecencia, procede resolver según intimado sin ulteriores procedimientos.

## II

La controversia en este caso se limita a determinar si existen las circunstancias especiales para la concesión de la variación y así dedicar la propiedad a un uso prohibido por las restricciones impuestas en una zona o distrito por el Reglamento de Zonificación aprobado por la Junta de Planificación de Puerto Rico. En *Quevedo Segarra v. J.A.C.L.*, 102 D.P.R. 87, 93 (1974), expresamos que la variación tiene el propósito de atenuar el rigor del reglamento "permitiendo el uso prohibido cuando se demuestra que debido a las circuns-

tancias especiales la aplicación de las restricciones puede resultar irrazonable y ocasionar perjuicios al dueño".

■ Como regla general se concede una variación para evitar el efecto confiscatorio sobre la propiedad que conllevaría la aplicación rigurosa de un reglamento de zonificación:

> A variance is granted to render justice in unique and individual cases of practical difficulties or unnecessary hardship resulting from a literal application of the zoning ordinance. It is designed to correct maladjustments and inequities in the operation of general regulations. (Escolios omitidos.) 3 *Anderson, American Law of Zoning* 3d Sec. 20.02, pág. 366 (3ra ed. 1986).

■ Por la naturaleza del interés público implicado, las variaciones a los requisitos de zonificación no se favorecen y deben utilizarse selectivamente en aquellas circunstancias en que un propietario demuestre que las restricciones le causaron un daño particular que no comparte con otros. "Por eso se descartará una variación cuando no haya prueba de que la situación del dueño sea singular y distinta a la de sus colindantes." (Traducción nuestra.) 3 *Yokley, Zoning Law and Practice* Sec. 21–6, págs. 297–298 (4ta ed. 1979). De lo contrario, su uso indiscriminado podría destruir todo nuestro esquema de zonificación y cambiar eventualmente las características de un distrito, planificado originalmente con una infraestructura para ciertos usos.

■ Con el propósito de definir los límites de su amplio poder sobre estos extremos, la Junta de Planificación de Puerto Rico adoptó un Reglamento de Zonificación (Reglamento de Planificación Núm. 4) que en su Sec. 82.05 establece los siguientes criterios para otorgar variaciones y evitar que la aplicación literal de sus requerimientos resulte en una confiscación de la propiedad:

> 82.05 — Variaciones en Uso — La Junta o la Administración[,] cada cual en su ámbito jurisdiccional, podrá autorizar varia-

ciones en uso cuando se pueda establecer que ninguno de los usos que están permitidos en el distrito es factible en la propiedad desde el punto de vista físico o económico. Se tomará en consideración, entre otros, los siguientes:

1. El costo de adaptar la propiedad a los usos permitidos debido a las disposiciones de este u otros reglamentos y el beneficio que se derivaría una vez adaptada éstas para los usos permitidos.

2. *Las razones por las cuales ningún uso permisible es factible en la propiedad sin la variación deben ser únicas a la misma y no una característica general del distrito o del sector del distrito donde ubica. No podrán haber sido causad[a]s por el dueño.*

3. El uso para el cual se solicita la variación a las disposiciones reglamentarias es compatible con los propósitos del distrito, con el vecindario o comunidad en que ubica.

4. La variación solicitada no afecta adversamente, entre otros, los siguientes factores:

    a. La disponibilidad de infraestructura

    b. El contexto en el que ubica

    c. El ambiente de la calle

    d. La seguridad y tranquilidad de los vecinos. (Énfasis suplido.) Reglamento de Zonificación de Puerto Rico, ed. rev., 1989, pág. 262.

En *Asoc., C.D. Octubre v. J.A.C.L.*, 116 D.P.R. 326, 332 (1985), examinamos nuevamente la aplicación de la doctrina y reafirmamos que se concede "*"únicamente* en los casos *expresamente* autorizados por el Reglamento y *siempre* sujetos a las condiciones en él prescritas'". (Énfasis suplido.)

## III

En su recurso A.R.P.E. asevera que la resolución de la Junta de Apelaciones está fundamentada en unos criterios que no están previstos por las disposiciones reglamentarias vigentes ni por la jurisprudencia aplicable. Expone que del texto del reglamento se desprende que las condiciones para

justificar una variación en uso deben ser únicas a la estructura y no ser una característica general del distrito donde ubica la propiedad.

■ Aunque las decisiones administrativas tienen a su favor la presunción de legalidad y corrección, y merecen consideración y respeto por los tribunales, *Murphy Bernabe v. Tribunal Superior*, 103 D.P.R. 692, 699 (1975), en este caso nos corresponde determinar si la Junta de Apelaciones actuó arbitraria o ilegalmente al autorizar el establecimiento de unas oficinas de abogados en una zona residencial.

En su resolución, la Junta de Apelaciones concluyó, como cuestión mixta de hecho y derecho, que el abogado recurrido es acreedor al permiso solicitado porque la utilización de dicha propiedad como residencia está "limitada por las *zonas que la rodean*, en especial por las actividades que se llevan a cabo en el [c]ondominio El Centro[,] que queda en su frente. . .". (Énfasis suplido.) Anejo 1, pág. 21. En otras palabras, la Junta de Apelaciones determinó que dicha propiedad no es apta para ser utilizada para fines residenciales debido a la transformación que ha sufrido el sector por las actividades comerciales que se llevan a cabo en una parte del condominio El Centro, ubicado en frente de la propiedad del abogado.

■ Esta conclusión es totalmente contraria a los criterios enumerados en el Reglamento de Zonificación. De hecho, el reglamento requiere que las razones para sostener una variación deben *ser únicas a la estructura y no una característica general del distrito donde ubica la misma.* Corresponde al peticionario probar que su propiedad está particularmente afectada por una reglamentación que resulte innecesariamente gravosa (*unnecessary hardship*). *Yokley*, supra, Sec. 21–6, pág. 296.

■ El remedio pertinente para atender los problemas expuestos por el abogado recurrido no era una solicitud de

variación. Lo que procedía en derecho era una petición de rezonificación. De hecho, de su moción de desestimación sometida ante el foro de instancia se desprende que él solicitó en 1987 un cambio en la zonificación para el sector donde está ubicada la propiedad. La Junta de Planificación de Puerto Rico oportunamente denegó esta petición. En estas circunstancias, no podemos permitir que el abogado recurrido ahora solicite la concesión de una variación para obtener el permiso de uso. Así evitamos que al margen de la zonificación vigente continúe la proliferación de oficinas profesionales y entidades comerciales que afecten aún más la infraestructura que fue construida para un sector residencial.

## IV

Por otro lado, la Junta de Apelaciones también concluyó que en las circunstancias atinentes a este caso resultaba "oneroso obligar a un ciudadano a dejar inoperante su propiedad porque la zonificación de la misma no esté a tono con la realidad fáctica que rodea la misma". Anejo 1, pág. 21. En su comparecencia A.R.P.E. invoca la doctrina de autoinflicción del daño adoptada en *Asoc., C.D. Octubre v. J.A.C.L.*, supra.

Según esta doctrina, como regla general, se impide la solicitud y concesión de un alivio administrativo a la zonificación mediante una variación en "casos en que el promovente —conociendo las limitaciones impuestas [sobre la propiedad] por los requisitos [vigentes] de zonificación— [adquiere la misma y] se coloca voluntariamente en una posición que le ocasiona [un] perjuicio irrazonable". *Asoc. Res. Baldrich, Inc. v. J.P. de P.R.*, 118 D.P.R. 759, 772 (1987).

El Reglamento de Zonificación acoge este precepto en su Sec. 82.05(2), *supra*, al requerir que las circunstancias especiales para justificar una variación administrativa "[n]o

podrán haber sido causad[a]s por el dueño". Según esta doctrina, se considera que el daño es autoinfligido cuando el solicitante adquiere la propiedad con conocimiento de las restriciones sobre su uso. Se presume que en esos casos el solicitante adquiere la propiedad a un precio que tomó en consideración la restricción y con el propósito de utilizarla para un uso no previsto por la zonificación.

> A person who purchases land with knowledge, actual or constructive, of the zoning restrictions which are in effect at the time of [the] purchase, is said to have created for himself whatever hardship such restrictions entail. When he seeks administrative or judicial relief from such self-created hardship, he encounters resistance which varies in intensity with the kind of relief sought and the forum whose jurisdiction he invokes. *Anderson*, supra, Sec. 20.44, pág. 505.

Esta regla es aplicable a cualquier peticionario. independientemente de si su conocimiento de la restricción es real o constructiva. *Anderson*, supra, Sec. 20.45, pág. 513. Aunque este tipo de propietario no está absolutamente impedido de reclamar sus derechos constitucionales sobre la propiedad, su conocimiento previo sobre las limitaciones impuestas por la zonificación debilitan las posibilidades de éxito en los tribunales. Íd., Sec. 20.44, pág. 505.

En el caso de autos, cuando el abogado recurrido adquirió la propiedad sabía que pertenecía a una zona residencial que colindaba con un sector comercial. Precisamente por eso tuvo que solicitar un permiso para remodelar la estructura en controversia y cambiarla de una residencia a una oficina. Al conocer estas limitaciones el letrado se colocó voluntariamente en una posición que le ocasionó un perjuicio irrazonable. En estas circunstancias, *procede la revocación de la decisión del foro de instancia y de la Junta de Apelaciones.*

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Pons Núñez y el Juez Asociado Señor Rebollo López no intervinieron. El Juez Asociado Señor Negrón García se inhibió.