JUAN REYES
Apelante-Recurrente

v.

ADMINISTRACION DE REGLAMENTOS Y PERMISOS,
OFICINA REGIONAL DE ARECIBO
Apelada-Recurrida

Núm. KLRA-97-00652

San Juan, Puerto Rico, a 19 de marzo de 1998

Panel integrado por su Presidenta, Juez Rivera de Martínez
y los Jueces Rivera Pérez y Soler Aquino

Soler Aquino, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El recurrente, señor Juan Reyes, solicita la revisión de una resolución emitida por la Junta de Apelaciones Sobre Construcciones y Lotificaciones (en adelante la Junta de Apelaciones) el 12 de mayo de 1997 y notificada en la misma fecha. Mediante dicha resolución la Junta de Apelaciones confirmó otra resolución emitida por la Administración de Reglamentos y Permisos (en adelante A.R.P E)., en la cual se denegó una solicitud de anteproyecto de construcción. No estando conforme con dicha determinación, el recurrente acude ante nos mediante el presente recurso de revisión. No le asiste la razón al recurrente, por lo tanto se deniega la expedición del auto solicitado.

**I**

El recurrente, señor Juan Reyes, es dueño de una propiedad que ubica en la Barriada Cataño, Núm. 8 del Municipio de Utuado, dentro de los límites de un distrito zonificado R-3 y en terrenos susceptibles a inundaciones con una clasificación de I-1. El 14 de mayo de 1987 A.R.P.E. expidió un permiso para la construcción de un edificio accesorio para garajes de una planta parcialmente sobre columnas de hormigón armado y bloques con dimensiones de 231-0'1 x 45'-0'1 con facilidades de marquesina doble, según el plano certificado, caso 87-35-B-948-APC. El 9 de septiembre de 1987 se sometió el anteproyecto para la construcción de la segunda planta del referido edificio, el cual fue aprobado por A.R.P.E. el 5 de octubre de 1988. Dicho permiso a pesar de haber sido aprobado no fue expedido por la agencia.

El 18 de junio de 1993 el recurrente sometió ante A.R.P.E. otra solicitud de anteproyecto (caso 93-35-E-158-APA) para legalizar construcciones adicionales en la antes referida propiedad. En la misma el recurrente solicitó legalizar unas variaciones en los patios reglamentarios. Dicha solicitud fue denegada por el Director Regional de A.R.P.E. el 11 de agosto de 1993. El 20 de agosto de 1993 el recurrente presentó solicitud de reconsideración, la cual fue declarada sin lugar. El 20 de septiembre de 1993 el recurrente presentó la correspondiente apelación ante la Junta de Apelaciones Sobre Construcciones y Lotificaciones. Posteriormente, el recurrente sometió ante la Junta de Apelaciones copia de una resolución de A.R.P.E. con fecha del 8 de noviembre de 1993, mediante la cual se aprobó la segregación de un solar de 220.837 metros cuadrados de un predio de 628.450 metros. Es en dicho solar de 220.837 metros donde enclava la estructura de tres (3) plantas objeto del recurso presentado ante nos.

Se celebró una vista pública el 8 de noviembre de 1995 en la cual estuvieron presentes las partes.

El 12 de mayo de 1997 la Junta de Apelaciones emitió su resolución confirmando la decisión de A.R.P.E., en la cual se denegó la solicitud de anteproyecto de construcción para legalizar una estructura de tres (3) plantas para uso residencial.

Inconforme, el recurrente acude ante nos mediante recurso de revisión señalando los siguientes errores:

*"Erró en derecho la Junta de Apelaciones Sobre Construcciones y Lotificaciones y abusó de su discreción al no determinar que hay circunstancias especiales para conceder las variaciones en construcción solicitadas y al aplicar la teoría del daño autoinfligido.*

*Erró la Junta de Apelaciones Sobre Construcciones y Lotificaciones al denegar el anteproyecto*

*pues existe base sustancial en el expediente para la aprobación del mismo que acredita el cumplimiento con las disposiciones del Reglamento de Planificación Número 13 (Reglamento de Zonas Susceptibles a Inundaciones) y con los objetivos y Políticas Públicas del Plan de Usos de Terrenos de Puerto Rico de octubre de 1995 y las disposiciones reglamentarias de la Sección 98.06 del Reglamento 4, vigente."*

## II

Los errores señalados por el recurrente serán discutidos en conjunto, por estar los mismos relacionados entre sí. Nuestro más alto Tribunal ha señalado en cuanto a las variaciones a los requisitos de zonificación lo siguiente:

*"Como regla general se concede una variación a los requisitos de zonificación para evitar el efecto confiscatorio sobre la propiedad que resultaría de la aplicación rigurosa de un reglamento de zonificación. Sin embargo, por la naturaleza del interés público que conlleva, las variaciones a los requisitos de zonificación no se favorecen y deben utilizarse selectivamente en aquellas circunstancias en que un propietario demuestre que las restricciones le causaron un daño particular que no comparte con otros."* ▇

La Sec. 98.06 del Reglamento de Zonificación ▇ establece los siguientes criterios para otorgar variaciones:

*"98.06 - Otras Variaciones - La Junta o la Administración, cada una en su ámbito jurisdiccional, podrá autorizar variaciones a los requisitos establecidos en este Reglamento para los usos que tolera el distrito. Se tomará en consideración, entre otros, los siguientes factores:*

*1. La magnitud de la variación es la necesaria para asegurar la viabilidad del uso permitido y no es viable considerar otras alternativas para salvar el problema presentado.*

*2. La variación solicitada no afectará adversamente, entre otros, los siguientes factores:*

*a. La disponibilidad de la infraestructura*

*b. El contexto en el que ubica.*

*c. El ambiente de la calle.*

*d. La seguridad y tranquilidad de los vecinos.*

*3. Se logra un desarrollo urbano más compacto.*

*4. La densidad o intensidad solicitada no lleva a convertir el distrito en otro.*

*5. La variación solicitada es cónsona con los propósitos de la disposición reglamentaria que se solicita sea modificada, así como con la política pública."*

Según surge del expediente ante nos, el recurrente solicitó la legalización de variaciones en los cuatro (4) patios, en el área bruta del piso, en la altura de la edificación y el estacionamiento. Acorde con el Reglamento de Zonificación, ▇ el área bruta de piso en un distrito clasificado como R-3 no excederá del 100% del área del solar, no obstante, en el caso de autos el área bruta de piso de la propiedad del recurrente excedió el porciento máximo de ocupación, ya que el mismo equivalía a un 133% del área del solar. En cuanto a los patios delanteros y laterales, de este documento surge que tampoco cumplían con las disposiciones del Reglamento de Zonificación. ▇ Tampoco cumplió con la altura reglamentaria establecida en la Sub-sección 13.03, ▇ ya que las variaciones hechas por el recurrente tuvieron el efecto de convertir la edificación en un edificio de tres (3) plantas. Sin embargo, surge inequivocamente del expediente que el recurrente tenía conocimiento de las limitaciones en construcciones impuestas a la propiedad por parte del Reglamento de Zonificación. ▇

Por otro lado, la legalización que solicita el recurrente no cumple con el Reglamento Sobre Zonas

Susceptibles a Inundaciones. ■ La Sub-sección 6.01, del antes mencionado Reglamento, dispone lo siguiente en cuanto a las edificaciones localizadas en la Zona 1:

*"1) A partir de la fecha de vigencia del correspondiente Mapa de Zonas Susceptibles a Inundaciones no se permitirá en esta zona la ubicación de nuevas edificaciones, estructuras, relleno, mejoras sustanciales y otros desarrollos.*

*2) Aquellas edificaciones o estructuras cuya construcción haya sido legalmente autorizada y comenzada real y efectivamente, a la fecha de vigencia de ese Reglamento, podrán ser terminadas y ocupadas o usadas para el fin especificado en la autorización concedida.*

*3) Las edificaciones existentes y estructuras en esta Zona no podrán ampliarse. Se permitirá reparar o reconstruir éstas para su conservación, o alterar las mismas estructuralmente cuando tales alteraciones sean necesarias para proteger la vida y seguridad de los usuarios de las edificaciones o para mejorar las condiciones de seguridad de dichas edificaciones para resistir los efectos de las cargas hidrodinámicas o hidroestáticas de las aguas de inundación. Tales reparaciones o alteraciones estructurales no implicarán el crear nuevas unidades de vivienda o habilitar nuevos locales para otros usos en adición al uso existente, y cumplirán con lo establecido en otros reglamentos de planificación aplicables.*

*4) Se permitirá la rehabilitación de cualquier estructura listada en el Registro Nacional de Lugares Históricos o en el Inventario de Lugares Históricos."*

El recurrente presentó como evidencia ante la Junta de Apelaciones una Certificación de Inundabilidad, ■ sin embargo, ni los argumentos presentados por el recurrente ni las pruebas fueron suficientes para demostrar y convencer a la agencia que había cometido un error al clasificar el área que ubica la construcción dentro de los parámetros que están prohibidos por el Reglamento de la Junta de Planificación para la Construcción en Zonas Susceptibles a Inundaciones.

Este Tribunal le debe deferencia a las determinaciones de una agencia especializada en reglamentar las áreas susceptibles a inundaciones debido a la experiencia y conocimiento de los asuntos a los cuales se exponen todos los días.

Surge inequivocamente del expediente, que el recurrente realizó las variaciones a su propiedad teniendo conocimiento de las restricciones impuestas por los Reglamentos ante mencionados. No hay duda que en el caso de autos aplica la doctrina de autoinflicción del daño. La jurisprudencia nos dice, en cuanto a esta doctrina, que como regla general se impide la solicitud y concesión de alivio administrativo a la zonificación mediante una variación en *"casos en que el promovente conociendo las limitaciones impuestas por los requisitos de zonificación se coloca voluntariamente en una posición que le ocasiona un perjuicio irrazonable".* ■ En el caso de autos el recurrente no nos ha puesto en condición de determinar que existan circunstancias especiales por las cuales la agencia debía modificar su decisión de negar la solicitud de anteproyecto de construcción en una zona susceptible a inundaciones. Tampoco se ha presentado ninguna prueba que pueda llevar a este Tribunal a concluir que el organismo administrativo erró o que haya abusado de su discreción al denegar la referida solicitud de anteproyecto de construcción, cuando está claramente establecido que el recurrente no cumplió con ninguna de las disposiciones contenidas en el Reglamento de Zonificación. Los argumentos del recurrente no derrotan la presunción de regularidad y corrección de la cual gozan las determinaciones administrativas. Esta debe ser respetada mientras la parte que las impugne no produzca suficiente evidencia para derrotarlas. ■

Es norma reiterada que las determinaciones y los criterios de las agencias y organismos administrativos especializados gozan de una presunción de corrección y merecen la mayor deferencia por parte de los tribunales, en vista de su vasta experiencia y conocimiento. Ello es así, a menos que se demuestre parcialidad o abuso de discreción. ■

Las agencias y organismos administrativos cuentan con experiencia y conocimientos altamente especializados sobre asuntos que se les encomiendan y resuelven día a día. Por esta razón, en casos donde se solicita la revisión de una resolución administrativa, los tribunales apelativos deben proceder

en forma cuidadosa al pasar juicio sobre la prueba presentada y utilizada por la agencia para fundamentar sus conclusiones, ya que la revisión se limita a determinar si hubo actuaciones arbitrarias, caprichosas, o de forma irrazonable, de tal modo que pueda concluirse que la agencia cometió un abuso de discreción. ■

En virtud de lo anterior entendemos que los errores señalados no fueron cometidos y debemos sostener las determinaciones hechas por la Junta de Apelaciones.

## III

Por los fundamentos que anteceden se deniega la expedición del auto solicitado.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida I. Oquendo Graulau
Secretaria General

### ESCOLIOS 98 DTA 131

1. *A.R.P.E. v. J.A.C.L.*, 124 D.P.R. 858 (1989).

2. Reglamento de Zonificación de Puerto Rico, Núm. 4844 Junta de Planificación, 16 de septiembre de 1992, sec. 98.06.

3. Reglamento de Zonificación de Puerto Rico, *supra*, subsec. 13.07.

4. *"La construcción realizada observa un patio delantero con un fondo de 1.83 metros, lo cual resulta en violación a la Sub-sección 13.08 del Reglamento de Zonificación que requiere un patio delantero de 3.00 metros. La construcción realizada observa un patio lateral derecho con un ancho de 0'0" metros y lateral izquierdo con un ancho de 1.52 metros, lo cual resulta en violación a la Sub-sección 13.09 del Reglamento de Zonificación que requiere en este Distrito un patio lateral derecho y lateral izquierdo de 2.00 metros respectivamente."* (Resolución de 12 de mayo de 1997 de la Junta de Apelaciones Sobre Construcciones y Lotificaciones, Apéndice, pág. 2).

5. 13.03-Altura Distritos R-3-Ningún edificio tendrá más de dos (2) plantas ni excederá nueve (9) metros de altura. Se permitirá una altura mayor siempre que el área bruta de piso y el ancho de todo patio cumplan con lo establecido para este distrito por este Reglamento. Reglamento de Zonificación de Puerto Rico, Sub-sección 13.03, *supra*.

6. Reglamento de Zonificación de Puerto Rico, *supra*.

7. Reglamento Sobre Zonas Susceptibles a Inundaciones, Núm. 3421, Junta de Planificación, 6 de marzo de 1987.

8. Apéndice Núm. 7 del recurrente.

9. *A.R.P.E. v. J.A.C.L., supra.*

10. *Gobernador de Puerto Rico v. Hon. Juan Aubín,* __ D.P.R. __ (1997), **97 J.T.S. 31**, opinión de 10 de marzo de 1997.

11. *Santos v. Municipio de Comerío,* __ D.P.R. __, (1996), **96 J.T.S. 170**, opinión de 9 de febrero de 1996; *Maisonet Felicieé v. Corp. Fondo del Seguro del Estado,* __ D.P.R. __(1996), **96 J.T.S. 169**, opinión de 30 de diciembre de 1996; *Mangual Vélez v. Comisión Estatal de Elecciones,* __ D.P.R. __ (1995), **95 J.T.S. 121**, opinión de 25 de octubre de 1995.

**12.** *San Vicente Frau v. Policía de Puerto Rico*, __ D.P.R. __ (1996), **96 J.T.S. 148**, opinión de 12 de noviembre de 1996; *La Facultad para las Ciencias Sociales Aplicadas, Inc. v. C.E.S.*, __ D.P.R. __ (1993), **93 J.T.S. 88**, opinión de 2 junio de 1993.