Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| JOHN MÉNDEZ VÁZQUEZ | | Revisión Administrativa, procedente del Departamento de Asuntos del Consumidor |
|---|---|---|
| Querellante Recurrente | | |
| v. | KLRA202300009 | Querella Núm.: SAN-2022-0010457 |
| BELLA INTERNATIONAL, LLC h/n/c PLANET HONDA | | Sobre: Compraventa de Vehículo de Motor |
| Querellada Recurrida | | |

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 31 de enero de 2023.

El recurrente, John Méndez Vázquez, compareció mediante el recurso de revisión administrativa del epígrafe para solicitar la revocación de una determinación emitida por el Departamento de Asuntos del Consumidor (DACo). Allí, la agencia declaró sin lugar la querella presentada por el recurrente y, en cambio, declaró con lugar la reconvención presentada por la recurrida, Bella International, LLC h/n/c Planet Honda (Bella). Confirmamos la determinación del DACo.

En síntesis, el DACo encontró probado que el recurrente abandonó cierta motora en el taller de servicio mecánico de Bella, entre el 23 de abril de 2021 y el 28 de julio de 2022, a pesar de que Bella le advirtió repetidamente que le cobraría $10.00 por día por concepto de almacenaje. Luego, el recurrente accedió a recibir el vehículo y este fue

Número Identificador

SEN2023 _____

trasportado en grúa a su residencia, al costo de la recurrida como servicio de cortesía.

En su recurso, el recurrente se limitó a señalar, como único error, que el DACo le impuso responsabilidad por la suma de $4,290.00 por concepto de almacenamiento de la motora adquirida de Bella, más la suma de $89.39 por concepto de preparación de un estimado de reparación.[1] Justificó su contención en que no existió un contrato de almacenaje suscrito entre las partes, en el cual el recurrente se hubiese obligado al pago a cambio de que el vehículo permaneciera en las facilidades de Bella. Prescindiendo de todo trámite ulterior, según lo autoriza la Regla 7(B)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 7(B)(5), resolvemos.

Nuestro ordenamiento reconoce que toda determinación administrativa está cobijada por una presunción de regularidad y corrección, por lo que merece la mayor deferencia judicial. *OCS v. Universal*, 187 DPR 164 (2012). Es decir, la revisión judicial de este tipo de decisiones se circunscribe a determinar si la actuación de la agencia es arbitraria, ilegal, o tan irrazonable que la misma constituye un abuso de discreción. *Otero v. Toyota*, 163 DPR 716 (2005); *Pacheco v. Estancias*, 160 DPR 409 (2003). Se reconoce, de esa manera, el conocimiento especializado de los organismos administrativos en aquellas materias que les han sido delegadas por ley. *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800 (2012); *Rivera Concepción v. ARPE*, 152 DPR 116 (2000).

---

[1] Es preciso destacar que el recurrente no impugnó que se le hubiese declarado sin lugar la querella sobre alegados desperfectos mecánicos de la motora adquirida mediante la compraventa, sino que se limitó a cuestionar la determinación del DACo en cuanto a la reconvención presentada por Bella.

Por lo anterior, quien impugne una determinación administrativa debe identificar en el expediente administrativo suficiente evidencia en contrario para derrotar dicha presunción de corrección. *ARPE v. JACL*, 124 DPR 858 (1989). Al evaluar la decisión administrativa, corresponde aquilatar si el remedio concedido por la agencia fue apropiado, si las determinaciones de hecho que realizó están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y si, mediante una revisión completa y absoluta, las conclusiones de derecho del ente administrativo fueron correctas. *Rolón Martínez v. Supte. Policía*, 201 DPR 26 (2018).

En el presente caso, el recurrente no sustentó en derecho su planteamiento de que los contratos de almacenaje solamente son válidos si cumplen con el requisito de reducirse los acuerdos mediante un contrato escrito. Es decir, no demostró que el requisito de formular lo acordado mediante un contrato de almacenaje escrito se trate de una formalidad de carácter constitutivo para su eficacia. Tampoco controvirtió las determinaciones del DACo en cuanto a que abandonó el vehículo en el taller de servicio mecánico de Bella, que esta le advirtió repetidamente que le cobraría el almacenaje y que posteriormente accedió a recibir el vehículo en su residencia.

Como consecuencia, el recurrente no logró derrotar la presunción de corrección de la determinación administrativa que le impuso el pago del almacenamiento de la motora y de la preparación del estimado de reparación. Tampoco probó que el DACo errara en el ejercicio de las facultades que le fueron delegadas, al utilizar su conocimiento especializado al momento de evaluar y aquilatar la reconvención

presentada por Bella. Por tales fundamentos, se confirma la determinación objeto del presente recurso.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones