ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| VÍCTOR GONZÁLEZ DÍAZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurridos | KLRA202400384 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso núm.: PA-169-24<br><br>Sobre:<br>Salida de unidad de custodia protectiva a población general |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de octubre de 2024.

Comparece ante este Tribunal de Apelaciones, el señor Víctor Gonzalez Díaz (Sr. González Díaz; recurrente), por derecho propio y en *forma pauperis*, mediante el recurso de revisión de epígrafe. En este, nos solicita que sea removido de custodia protectiva. Adelantamos que confirmamos el dictamen recurrido.

**I**

El recurrente nos expone en su recurso ante este Tribunal de Apelaciones que, el 29 de junio de 2023, solicitó al Departamento de Corrección y Rehabilitación (DCR) "ser [ubicado] y clasificado [en] custodia protectiva, y que el propósito de dicha solicitud fue que la población lo rechaz[ó]". Argumenta que "se le fueron violentados" sus derechos "al no llevar[se] a cabo el procedimiento de revisión de treinta (30) días como lo estipula el Manual de Clasificación y [T]tratamiento" en la Parte IV, inciso 1, que le permite presentar una petición por escrito, a los fines de que el Comité de Clasificación y Tratamiento (CCT) revise, evalúe y adjudique sobre su solicitud, con determinaciones documentadas, y así verifique que no existe la necesidad de custodia preventiva. Añade que solicitó a la señora Carmen Ortiz, Supervisora del

Área de los Técnicos sociopenales, al Superintendente Víctor Torres, al Teniente Vega, al Capitán Castro, al Teniente Ariel, y a la [señora] Ana Escobar Pabón, Secretaria del [D]epartamento de Corrección y Rehabilitación, para que se dejara sin efecto la custodia protectiva.[1]

El recurrente nos señala, en cuanto a la atención de su reclamo ante la División de Remedios Administrativos del DCR (División de Remedios Administrativos), lo siguiente:

1. "que al momento del confinado solicita[r] custodia protectiva [,] el protocolo es, aplicar una Regla 37 antes conocida como la regla 21, por seguridad y ser ubicado en la Unidad de Vivienda Especial, donde el confinado tiene un período de revisión de [treinta] (30) días y decidir si prevalece la custodia protectiva";

2. "[q]ue en ningún momento se desprende un informe detallado por el [A]lcaide de la Institución Ponce Adultos [1000] y/o personal encargado de que la situación de seguridad protectiva prevalece";

3. "que no prevalece la situación de custodia protectiva" [y] "ha intentado de diferentes maneras comunicarlo a la administración [,] para que deje sin efecto la custodia protectiva y sea ubicado en población general";

4. "[q]ue todo lo expuesto en los documentos del [C]omité de [C]lasificación y [T]ratamiento, no es lo que fue estipulado por escrito a puño y letra del recurrente, lo cual, en dicho documento [,] indica que el propósito de la custodia protectiva fue solicitar traslado, la custodia protectiva se solicitó porque la población lo rechazó"; y,

5. que "acudió a los Remedios [A]dministrativos y se deneg[ó] la petición [,] indicando que el recurrente había sido orientado, lo cual eso no fue así y se agotaron todos los recursos a seguir."[2]

La División de Remedios Administrativos emitió su Respuesta al Miembro de la Población en el caso PA-169-24, dirigida al Sr. González Díaz, la cual se cita como sigue:

El 29 de junio de 2023[,] el miembro de la población correccional solicitó la custodia protectiva alegando que la población lo rechazó. El 30 de junio de 2023[,] se asignó por el Comité de Clasificación y Tratamiento [CCT] la custodia protectiva y se orienta al confinado que permanecerá el resto de su sentencia en custodia protectiva. El 5 de febrero de 2024[,] se realiza entrevista de seguimiento y se orienta al confinado [con] relación a su petición de ser devuelto a la población general. El Manual de Clasificación de los

---

[1] Anejo I del recurso, identificado como la *Carta solicitando salida de la custodia protectiva*, páginas 1-4.
[2] Anejo II del recurso, identificado como el expediente PA-169-24, páginas 5-12, a la pág. 9.

confinados #9151 en la [s]ección 9, custodia protectiva [,] sobre la [s]alida de la Unidad Especial de Vivienda en si],] inciso 3, indica que una vez asignada de manera oficial por el [CCT] y trasladado a una institución [con] módulo designado a custodia protectiva, el confinado cumplirá el remanente de su sentencia en instituciones designadas a esta población.[3]

Inconforme con esa respuesta, el Sr. González Díaz presentó una *Solicitud de reconsideración* ante la División de Remedios Administrativos, en la cual insistió en esencia que cumplió una sentencia federal de 20 años, que estaba ajeno al nuevo reglamento vigente, que no se le orientó sobre el proceso, y que solicita que se reconsidere su caso y que sea trasladado a una población general.[4]

La División de Remedios Administrativos emitió, el 14 de junio de 2024, una *Respuesta de reconsideración al miembro de la población correccional*, en la cual se denegó la petición de reconsideración con las siguientes determinaciones:

El día, 29 de junio de 2023, usted solicita libre y voluntariamente custodia protectiva por ser rechazado por la población general. Por consiguiente, el 30 de junio de 2023 se reúne el Comité de Clasificación y Tratamiento para asignar la custodia y solicitar traslado. Además, [de] la minuta del Comité se desprende que usted fue orientado sobre el remanente de la sentencia. La cual será cumplida en una institución designada a esa población. Cabe mencionar, que la decisión está basada en el Manual para la Clasificación de Confinados #9287[,] enmendado el 20 de mayo de 2021.[5]

Aun inconforme, el Sr. González Díaz, presentó el recurso de revisión administrativa ante nuestra consideración. Resolvemos sin trámite ulterior bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).[6]

## II

### Revisión judicial de las decisiones administrativas

La revisión judicial de las determinaciones finales administrativas por este Tribunal se realiza al amparo de la Ley de Procedimiento

---

[3] Anejo II del recurso, págs. 7-8.
[4] Anejo II del recurso, pág.11.
[5] Anejo II del recurso, pág.12.
[6] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017 (LPAU), según enmendada. 3 LPRA sec. 9601 *et seq*. El precitado estatuto, dispone que la revisión judicial se circunscribirá a evaluar lo siguiente: (1) si el remedio concedido por la agencia es el adecuado; (2) si las determinaciones de hechos están sostenidas por la evidencia sustancial que surge de la totalidad de expediente; y (3) si las conclusiones de derecho son correctas, para cuyo escrutinio el foro revisor no tiene limitación alguna.3 LPRA sec. 9675.

La norma reiterada por el Tribunal Supremo de Puerto Rico es que las conclusiones e interpretaciones de las agencias administrativas merecen una amplia deferencia judicial por la "vasta experiencia y conocimiento especializado sobre los asuntos que por ley se les ha delegado." *JP, Plaza Santa Isabel v. Cordero Badillo*, 177 DPR 177, 186-187(2009) Por tanto, se establece una presunción de legalidad y corrección a favor de las agencias administrativas. *A.R.P.E. v. Junta de Apelaciones sobre Construcciones y Lotificaciones*, 124 DPR 858, 864(1989).

La revisión judicial de las conclusiones e interpretaciones de las agencias administrativas es limitada. Cónsono con tal predicamento, estas "deben ser respetadas a menos que la parte recurrente establezca que hay evidencia en el expediente administrativo suficiente para demostrar que la agencia no actuó razonablemente". *JP, Plaza Santa Isabel v. Cordero Badillo*, *supra*, págs. 186-187.

Es decir, "los tribunales no deben intervenir o alterar las determinaciones de hechos de un organismo administrativo si las mismas están sostenidas por evidencia sustancial que surja del expediente administrativo considerado en su totalidad'. *Otero v. Toyota*, 163 DPR 716, 727-728 (2005) Al referirnos a la frase evidencia sustancial, se trata de "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Otero v. Toyota, supra*.

Por lo tanto, para convencer al tribunal de que la evidencia utilizada por la agencia para formular una determinación de hecho no es sustancial, la parte afectada debe demostrar que existe otra prueba en el récord que reduzca o menoscabe el valor probatorio de la evidencia impugnada hasta el punto de que no pueda ser concluido que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración. *Polanco v. Cacique Motors*, 165 DPR 156, 170 (2005).

Sin embargo, "[l]as conclusiones de derecho son revisables en todos sus aspectos por el tribunal" porque "corresponde a los tribunales la tarea de interpretar las leyes y la Constitución." *Pueblo v Mendez Rivera*, 188 DPR 148, 157 (2013). No obstante, "merece gran deferencia y respeto la interpretación razonable de un estatuto que hace el organismo que lo administra y del cual es responsable". *JP, Plaza Santa Isabel v. Cordero Badillo*, *supra*, pág. 187.

**III**

En el caso de autos, el recurrente presentó una Solicitud de Remedio Administrativo para que fuera removido de la custodia preventiva que había solicitado y que fuera trasladado a la población general. Así, nos corresponde resolver si el DCR erró al denegar su reclamo ante la División de Remedios Administrativos.

El recurrente tiene el deber insoslayable, para prevalecer, de presentar ante este foro apelativo la evidencia necesaria que nos permita, como cuestión de derecho, descartar la presunción de corrección de la determinación administrativa. Lo que evidentemente no hizo.

Luego de examinar el recurso presentado y sus anejos, resulta forzoso colegir que el DCR no abusó de su discreción, ni erró al aplicar las normas reglamentarias aludidas. En virtud de lo cual, no vemos razón alguna para descartar otorgarle deferencia a su decisión administrativa, ni menos existe base para sustituir el proceso decisional administrativo.

**IV**

Por los fundamentos antes expuestos, confirmamos la Resolución recurrida.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones