ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| J.L.R.B., REPRESENTADA POR MARILYN BLAS SANCHEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE EDUCACIÓN DE PUERTO RICO, REPRESENTADO POR SU SECRETARIO DESIGNADO Y EL DEPARTAMENTO DE JUSTICIA DE PUERTO RICO, REPRESENTADO POR SU SECRETARIA DESIGNADA, LOS PROCURADORES Y SUB PROCURADORES<br><br>Recurridos | **KLRA202500034** | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Educación<br><br>Caso Núm.: QEE-2425-20-09-00457<br><br>Sobre: Educación Especial |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## **SENTENCIA**

En San Juan, Puerto Rico, a 6 de marzo de 2025.

Comparece ante este foro la Sra. Marilyn Blás Sanchéz (señora Blás o recurrente), en representación de su hija menor (J.L.R.B.) y nos solicita la revisión de una *Resolución* emitida por el Departamento de Educación de Puerto Rico (DE o recurrido) la cual fue notificada el 21 de diciembre de 2024. Mediante esta, declaró Ha Lugar la *Querella* presentada por la señora Blás. En consecuencia, ordenó al Dpto. de Educación realizar la compra de servicios educativos de la institución propuesta para el año escolar 2024-2025.

Por los fundamentos que expondremos a continuación, **CONFIRMAMOS** el dictamen recurrido.

Número Identificador
SEN2025 _____

## I.

El 4 de septiembre de 2024, la señora Blás y el Sr. Juan Ruíz Cruz, en representación de su hija menor de edad J.L.R.B., presentaron una *Querella* en contra del DE.[1] Mediante esta, alegaron que la menor J.L.R.B. estaba registrada en el Programa de Educación Especial del DE. Explicaron que la estudiante padecía de distintas condiciones médicas que según el Programa Educativo Individualizado (PEI) afectaban adversamente su progreso académico. Por lo cual, indicaron que la menor requería un servicio educativo especializado según recomendado por su doctora.

No obstante, sostuvieron que la parte recurrida ha incumplido en proveerle una educación pública, gratuita y apropiada a la menor J.L.R.B. Alegaron que el DE no ha revisado el PEI del año escolar 2024-2025 de la estudiante, como tampoco han ofrecido una ubicación apropiada para mejor atender las necesidades de la menor. Por ello, argumentaron que estos incumplimientos violentaron disposiciones federales como estatales e infringieron en el derecho a la educación de la estudiante. Por tal razón, solicitaron la compra de servicios en *Froebel Bilingual School*, la compensación de servicios educativos desde el año escolar 2022-2023, las propuestas privadas redactadas por distintas escuelas, así como las consultas de ubicación recibidas de la Secretaría Asociada de Educación Especial (SAEE), y el PEI del año escolar 2024-2025.

El 15 de septiembre de 2024, el DE presentó su *Contestación a Querella*.[2] En esta, aceptó que la menor

---

[1] *Querella*, págs. 25-40 del apéndice del recurso.
[2] *Contestación a Querella*, anejo II, págs. 20-25 del *Alegato de la Parte Recurrida*.

J.L.R.B. fue determinada elegible al PEI bajo impedimento de Autismo. No obstante, sostuvo que el PEI del año escolar 2024-2025 se encontraba en borrador ya que la señora Blás no comparecía a las reuniones del Comité de Programación y Ubicación de Educación Especial (COMPU) citadas. Asimismo, alegó que la agencia realizó un ofrecimiento oportuno de ubicación y localización para el desarrollo de la menor pero que la recurrente se negó a participar del proceso de matrícula y revisión del PEI. Por ello, arguyó que fueron los actos propios de la recurrente los que provocaron que la estudiante no tuviera un PEI 2024-2025 revisado, ni que se encontrara ubicada por la agencia.

Según surge de la *Minuta Orden con Extensión de Términos*, se celebraron dos vistas el 13 y 15 de noviembre de 2024.[3] En específico, el 15 de noviembre de 2024, se visitó las escuelas propuestas para ofrecer el servicio educativo, a saber, la Escuela Froebel y la Escuela Superior en Moca. Concluida la vista, el foro ordenó a las partes proveer Memorandos de Derecho en apoyo a sus alegaciones.

Posteriormente, el 6 de diciembre de 2024, la señora Blas presentó su *Memorando de Derecho y de Costos Propuestos*.[4]

Así las cosas, el 21 de diciembre de 2024 el foro administrativo emitió su *Resolución y Orden*.[5] Mediante el referido dictamen, tomando en consideración la prueba testifical y documental presentada, el foro administrativo consignó cincuenta y ocho (58)

---

[3] *Minuta Orden con Extensión de Términos*, págs. 41-44 del apéndice del recurso.
[4] *Memorando de Derecho y de Costos Propuestos*, págs. 45-69 del apéndice del recurso.
[5] *Resolución y Orden*, págs. 1-24 del apéndice del recurso.

determinaciones de hechos. A base de estos hechos declaró Ha Lugar la *Querella* presentada, determinó que la escuela propuesta, Froebel Bilingual School, era adecuada para atender las necesidades de la estudiante conforme lo establecido en su PEI.

En consecuencia, ordenó al DE realizar la compra de servicios educativos de la institución propuesta para el año escolar 2024-2025. Además, ordenó a la agencia realizar las gestiones necesarias para que se realice el pago mensual directamente a la institución.

Por otra parte, concluyó que procedía la celebración de una reunión de COMPU en la institución privada para:

> [R]evisar y preparar el PEI Educativo 2024-2025, coordinar y establecer todo les servicios que se le deben ofrecer a la estudiante, así como para contabilizar los servicios educativos y relacionados que este foro entiende y determina tienen que ser compensados por la ausencia de ofrecimientos públicos, gratuitos, apropiados y oportunos.

Por último, el foro administrativo ordenó a la agencia recurrida cumplir con lo previamente esbozado en o antes del 30 de enero de 2025.

Inconforme, el 30 de diciembre de 2024, la parte recurrente presentó una *Moción Urgente Solicitando Nunc Pro Tunc a Resolución Final*.[6] No obstante, el foro administrativo no atendió el recurso.

Aún inconforme, el 16 de enero de 2025, la señora Blás acudió ante este foro mediante *Recurso de Revisión Administrativa* y formuló los siguientes señalamientos de error:

> A. PRIMER ERROR: No ordenar que el DEPR efectúe los dos primeros pagos o mensualidades en un término de treinta (30) días laborables

---

[6] *Moción Urgente Solicitando Nunc Pro Tunc a Resolución Final*, págs. 70-73 del apéndice del recurso.

contados a partir de que la SAEE emita la carta de aprobación, conforme esta Resolución Final.

B. SEGUNDO ERROR: No ordenar un término de tiempo al DEPR para efectuar los pagos directos a la escuela privada, una vez presenten las certificaciones correspondientes a los servicios educativos y suplementarios prestados a la estudiante durante el año escolar 2024-2025, según la propuesta.

El 22 de enero de 2025, emitimos una *Resolución* concediéndole a la parte recurrida el término dispuesto en el Reglamento de este Tribunal para que presentara su alegato. El 18 de febrero de 2025, la agencia recurrida presentó su *Alegato* en oposición.

Así, con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

**II.**

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601 *et seq.,* dispone sobre el alcance de la revisión judicial de las determinaciones de las agencias. Tanto la referida ley, como la jurisprudencia aplicable, establecen que la función revisora de las decisiones administrativas concedida a los tribunales apelativos consiste esencialmente en determinar si la actuación de la agencia fue dictada dentro de las facultades que le fueron conferidas por ley y si la misma es legal y razonable. *T-JAC, Inc. v. Caguas Centrum Limited,* 148 DPR 70, 80 (1999). Al respecto, es norma de derecho claramente establecida que los tribunales apelativos han de conceder gran deferencia y consideraciones a las decisiones de los organismos administrativos en vista de la vasta

experiencia y conocimiento especializado.[7] *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 126 (2019); *Mun. de San Juan v. Plaza Las Américas*, 169 DPR 310, 323 (2006); *Hernández Álvarez v. Centro Unido*, 168 DPR 592, 615-616 (2006). Por lo tanto, los tribunales deben ser cautelosos al intervenir con las decisiones administrativas. *Metropolitana, SE v. ARPE*, 138 DPR 200, 213 (1995); *Viajes Gallardo v. Clavell*, 131 DPR 275, 289-290 (1992).

Es por las razones expuestas que las decisiones de los foros administrativos están investidas de una presunción de regularidad y corrección. *García Reyes v. Cruz Auto Corp.,* 173 DPR 870, 892 (2008); *Vélez v. ARPE*, 167 DPR 684, 693 (2006); *Rivera Concepción v. ARPE*, 152 DPR 116, 123 (2000). La presunción de corrección que acarrea una decisión administrativa deberá sostenerse por los tribunales, a menos que la misma logre ser derrotada mediante la identificación de evidencia en contrario que obre en el expediente administrativo. *Misión Ind. PR v. JP*, 146 DPR 64, 130 (1998); *ARPE v. JACL*, 124 DPR 858, 864 (1989).

Al momento de revisar una decisión administrativa el criterio rector para los tribunales será la razonabilidad en la actuación de la agencia. *Rebollo v. Yiyi Motors, Motors*, 161 DPR 69, 76 (2004). Conforme a lo cual, habrá que determinar si la actuación de la agencia fue arbitraria, ilegal, caprichosa o tan irrazonable que constituyó un abuso de discreción. *Mun.*

---

[7] Los fundamentos aportados en la muy reciente decisión del Tribunal Supremo Federal en *Loper Bright Enterprises et al., v. Raimondo,* 603 U.S. __ (2024), 144 S.Ct. 2444, cuestionan en lo esencial buena parte de la jurisprudencia que dirige el proceso de revisión por los tribunales de las determinaciones administrativas. Sin embargo, juzgamos que la situación fáctica en el caso ante nuestra atención no nos requiere ahondar sobre el asunto.

*de San Juan v. CRIM,* 178 DPR 164, 175 (2010). Por tanto, la revisión judicial de una determinación administrativa se circunscribe a determinar si: (1) el remedio concedido por la agencia fue apropiado; (2) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo, y (3) las conclusiones de derecho fueron correctas. Sec. 4.5 de la LPAU, 3 LPRA sec. 9675; *Torres Rivera v. Policía de PR*, 196 DPR 606, 626-627 (2016).

Por otra parte, nuestro Tribunal Supremo ha identificado circunstancias en que corresponde no observar tal deferencia. En específico, dicho alto foro ha reconocido que la referida deferencia a las determinaciones administrativas cederá cuando: (1) la decisión no está basada en evidencia sustancial; (2) el organismo administrativo ha errado en la aplicación de la ley, y (3) ha mediado una actuación irrazonable o ilegal. *Acarón, et al v. DRNA,* 186 DPR 564, 584 (2012); *Marina Costa Azul v. Comisión*, 170 DPR 847, 852 (2007).

## III.

Mediante el recurso que nos ocupa, la señora Blás nos solicita la revisión judicial de la *Resolución* emitida por la Jueza Administrativa del DE.

En su primer señalamiento de error, alega que el foro administrativo incidió al no ordenar al DE efectuar los dos primeros pagos por adelantado en un término de treinta (30) días laborables a partir de que la SAEE emitiera la carta de aprobación. Sostiene que, por ser una obligación ministerial primaria, la agencia recurrida debería pagar por adelantado al colegio privado los servicios educativos y relacionados que

ofrece a la menor J.L.R.B., según requeridos por su PEI y la *Resolución* emitida por la Jueza Administrativa. Arguye que el DE no podía adjudicarse la discreción de pagar en el término que le sea conveniente y que bien pudiera ser en menoscabo a los derechos constitucionales de la menor.

En su segundo señalamiento de error, alega que el foro administrativo incidió al no ordenar un término de tiempo para efectuar los pagos directos a la escuela privada una vez se presentaran las certificaciones correspondientes conforme al Reglamento Núm. 9168[8]. A su vez, señala que al no establecer qué persona debería cumplir con las órdenes emitidas se pudieran vulnerar derechos reconocidos, en vista de que no se pudiera recurrir al tribunal solicitando su desacato.

Por último, sostiene que el *Reglamento de Compras de Servicio en Escuelas Privadas* (Reglamento Núm. 9196)[9] es inconstitucional. Aduce que el referido reglamento indicaba todos los requisitos que debían cumplir los padres que reclamaban reembolsos, pero en nada disponía sobre la obligación de la agencia recurrida de pagar cuando los padres cumplían dichos requerimientos. En este sentido, manifiesta que el Reglamento Núm. 9196, *supra*, no le imponía una responsabilidad al DE de pagar por los servicios que ellos no pudieron ofrecer y que tenían que ser comprados en el mercado privado.

Por estar íntimamente relacionados, discutiremos los señalamientos de error en conjunto. Es norma

---

[8] Reglamento del Procedimiento para la Resolución de Querellas Administrativas de Educación Especial y sobre la otorgación de honorarios de abogados, Reglamento Núm. 9168, Departamento de Educación, 26 de febrero de 2020.
[9] Reglamento de Compras de Servicio en Escuelas Privadas, Reglamento Núm. 9196, Departamento de Educación, 9 de julio de 2020.

establecida que los foros revisores debemos conceder gran deferencia a las decisiones de los organismos administrativos en vista de su vasta experiencia y conocimiento especializado. *Graciani Rodríguez v. Garage Isla Verde*, LLC, *supra*. No obstante, esta deferencia no es de carácter absoluta, los tribunales no podemos avalar determinaciones o interpretaciones administrativas irrazonables, ilegales o contrarias a derecho. *Íd.* A tales efectos, las determinaciones de una agencia se examinarán bajo el estándar de razonabilidad. *Íd.*

Dicho esto, examinado el recurso en su totalidad, determinamos que el dictamen recurrido fue uno razonable y sostenido por la prueba. El foro administrativo tomando en consideración la situación económica de los padres de la menor J.L.R.B. ordenó al DE que hiciera los pagos directo al colegio privado. El hecho de que no se haya ordenado a la agencia efectuar los dos primeros pagos por adelantado no priva a la estudiante a su derecho constitucional a la educación. Del mismo modo, tampoco menoscaba el acceso a la educación no ordenar un término de tiempo al DE para efectuar los pagos directos a la institución.

En este sentido, los argumentos de la señora Blás giraron sobre un potencial incumplimiento por parte de la agencia recurrida que es abstracto, hipotético, y especulativo. Por ello, no son suficientes para derrotar la presunción de corrección de las decisiones administrativas. Además, de surgir un incumplimiento por cualquiera de las partes se podrá acudir al tribunal para hacer valer el dictamen emitido por el foro administrativo. Por último, en cuanto a la alegada

inconstitucionalidad del Reglamento Núm. 9169, la señora Blás no presentó argumentos de peso que sugieran una violación constitucional.

Por todo lo cual, concluimos que el foro administrativo no cometió los errores imputados por la recurrente.

**IV.**

Por los fundamentos antes expuestos, **CONFIRMAMOS** el dictamen recurrido.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones