ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| JANCARLOS GAUTIER RIVERA | | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación |
|---|---|---|
| Recurrente | KLRA202400379 | |
| v. | | Caso Núm. 316-24-018 |
| DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN | | Sobre: Revisión Administrativa |
| Recurrido | | |

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de diciembre de 2024.

I.

El 10 de julio de 2024 el Sr. Jancarlos Gautier Rivera, presentó escrito por derecho propio que intitula *Revisión Judicial.* Señala que el 26 de enero de 2024, mientras fungía como servidor de alimentos en la institución en la cual se encuentra recluido, se le radicó una Querella disciplinaria[1] por violación a las Reglas 15 y 16 del *Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional de 8 de octubre de 2020, Núm. 9221.* Alega que la vista disciplinaria no se realizó conforme a dicho Reglamento, por lo que solicita que se le devuelva cualquier privilegio que tenía y que se elimine la Querella de su expediente de buena conducta.[2]

---

[1] Número de querella: 316-24-018.
[2] Alegó lo siguiente: "Que el procedimiento de Derechos conforme a las determinaciones de hechos que le imputan al peticionario tienen falsas alegaciones que el peticionario no verbali[zó] [en la] cual alegan que [h]izo alegación de culpabilidad; Que el peticionario fue acusado injustamente con argumentos falsos alegando que [é]l le aceptó al oficial Portalatín [haberse] llevado un paquete de azúcar. . .el peticionario no estaba en el área al momento del [hallaz]go que ocurrió en el Edif. 7CII mientras el peticionario se encontraba entregando alimentos en el Edif. 8-A-I sin ningún conocimiento de la situación; Que. . .[m]ediante las fotos que fueron tomadas del paquete como evidencia usada en contra del peticionario no fue debidamente procesada conforme al reglamento ya que antes de tomar las fotos el Oficial Ramon Ortiz no manejó la evidencia conforme al reglamento ya que al este al percatarse del paquete lo movió de su lugar antes de tomar las fotos como evidencia".

Número Identificador

SEN2024_____

El 14 de marzo de 2024, el Departamento de Corrección y Rehabilitación (DCR), celebró la vista disciplinaria y emitió la *Resolución* de la cual se recurre. Dicha Agencia consideró la siguiente prueba para emitir su determinación:

a) Declaración del Querellante Ángel Portalatín, Oficial de Custodia;
b) Evidencia mediante foto;
c) Declaración del Ramón Ortiz; Oficial de Custodia;
d) Declaración del Confinado Querellado en la investigación y en la audiencia;
e) Informe de Investigación; y
f) Totalidad del expediente.

Conforme dicha prueba, en el dictamen se consignaron las siguientes determinaciones de hechos:

- *Que al Confinado Querellado se le tomó juramento al inicio de la audiencia.*
- *Que el 26 de enero de 2024, el Oficial Ortiz le notifica al Oficial Portalatín que en el carrito de los alimentos que fue llevado al Módulo 7-C-II, había una funda con contenido de azúcar.*
- *El Oficial Portalatín confronta a los confinados que laboran en la cocina relacionado a la funda conteniendo azúcar. En dicho momento el Confinado Querellado indicó que fue él quien cogió la funda conteniendo azúcar.*
- *Que el confinado Querellado, sin autorización tomó el azúcar, apropiándose ilegalmente de dicho material del área de la cocina y la colocó dentro dentro del carrito de alimentos.*
- *Que el Confinado Querellado cometió los hechos antes descritos mientras disfrutaba del privilegio de trabajar en la cocina.*
- *Que en el expediente obra en evidencia el material antes descrito.*
- *Que el Confinado Querellado reconoció que cogió la azúcar, bajo el argumento de que se la dan para usarla.*
- *Que el Confinado Querellado en la audiencia argumentó que el reporte de cargos y la vista se procesaron fuera de los términos y que el Oficial Ortiz no esta como testigo en el informe de querella y no la redactó.*
- *Evaluado los argumentos se declaran no ha lugar. Surge del expediente que el reporte de cargo fue entregado en cumplimiento de la Sección D del Reglamento 9221. En igual forma se determina que la audiencia fue celebrada en cumplimiento de los términos establecidos[s] en la Regla 26 del Reglamento 9221.*
- *Que el Oficial Ortiz fue entrevistado en el proceso de investigación. Que conforme a la evidencia y a los hechos el Oficial Ortiz no era necesario que fuera el oficial querellante y tampoco era necesario que estuviera como testigo. No obstante, en el proceso de investigación fue*

*entrevistado ante la mención que realiza el Confinado Querellado.*

A base de las determinaciones de hechos y de la prueba desfilada, el Oficial Examinador de Vistas Disciplinarias concluyó que Gautier Rivera cometió los actos prohibidos delimitados en el Código (127), "Apropiación ilegal o su Tentativa" y el Código (222), "Abuso o Mal Uso de Privilegios". Por ello aplicó la siguiente sanción:

> Privación del privilegio de Visita, Cómisaría, Correspondencia, Recreación Activa, Actividades Especiales y cualquier otro privilegio que se le conceda en la institución por el término de cuarenta y cinco (45) días, consecutiva con cualquier otra sanción.

Insatisfecho, el 25 de marzo de 2024, Gautier Rivera instó solicitud de *Reconsideración.* En igual fecha[3] el DCR acogió la solicitud, sin embargo, no emitió ningún dictamen respecto a esta. Aún inconforme, el 10 de julio de 2024,[4] Gautier Rivera acudió ante nos.[5] Plantea:

> Que el Departamento de Corrección y Rehabilitación no efectu[ó] la Vista Disciplinaria conforme al reglamento del Departamento de Corrección y Rehabilitación y se viol[ó] el debido proceso del confinado y la vista no est[á] apoyada por la prueba presentada y la evidencia en el expediente.

## II.

### A.

En virtud de la aprobación del Plan de Reorganización del DCR, Núm. 2-2011, según enmendado, el *Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional* de 8 de octubre de 2020, Núm. 9221 constituye la estructura disciplinaria para los miembros de la población correccional,

---

[3] Notificada el 26 de marzo de 2024.

[4] El recurso cuenta con el matasellos del Tribunal de Apelaciones con fecha del 12 de julio de 2024. No obstante, conforme a nuestro Reglamento y según resuelto en *Álamo Romero* v. *Adm. Corrección*, 175 DPR 314, 323 (2009) entendemos que el recurso fue presentado en la fecha de entrega a la institución carcelaria. ("En los casos de revisión judicial de decisiones administrativas de la Administración de Corrección en procedimientos disciplinarios instados por reclusos por derecho propio, se entenderá que el recurso fue presentado en la fecha de entrega a la institución carcelaria. Esta autoridad será responsable, a su vez, de tramitar el envío del recurso al foro correspondiente").

[5] Acompaña con su recurso *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia* la cual se declara Ha Lugar.

cumpliendo con la política pública de modificación de conducta al amparo de la perspectiva de rehabilitación, y evitando un carácter punitivo.

En lo pertinente, la Regla 4 del aludido Reglamento define acto prohibido como "cualquier acto que implique una violación a las normas de conducta de la institución que conlleve la imposición de medidas disciplinarias, incluyendo cualquier acto u omisión, o conducta tipificada como delito". Con respecto al primer acto prohibido imputado a Gautier Rivera, la Regla 15 define el Código 127 de la siguiente manera:

> (127) Apropiación ilegal o su Tentativa- Consiste en malversar, defraudar, apropiarse, ejercer control ilegal, usar, sustraer, apoderarse, o en cualquier forma hacer propio cualquier bien, cosa, artículo, información, documentos o propiedad perteneciente a otra persona, o al Gobierno de Puerto Rico, ya sea en forma temporal o pertinente, sin mediar violencia o intimidación.

En cuanto al segundo acto prohibido imputado, el Código 222 de la Regla 16 consiste en lo siguiente:

> (222) Abuso o Mal Uso de Privilegios- Consiste en el abuso, arbitrariedad, atropello, extralimitación o mal uso de privilegios concedidos mediante reglamentación por el Departamento de Corrección y Rehabilitación.

La Vista Disciplinaria Administrativa es el procedimiento de adjudicación informal donde se le ha imputado la comisión de algún acto prohibido a un miembro de la población correccional y en el cual tendrá la oportunidad de presentar evidencia, y defenderse por derecho propio.[6] Sin embargo, en los casos donde se inicie un proceso de revocación de algún Programa de Desvío y Residencial, el miembro de la población correccional podrá comparecer representado por un abogado o abogada.[7]

Las vistas disciplinarias serán presididas por un Oficial Examinador quien evaluará las infracciones a las normas de

---

[6] Regla 4, (33) del Reglamento Núm. 9221.
[7] *Id.*

conducta institucional según establecidas en el Reglamento Núm. 9221 y los casos de vistas de revocación de Programas de Desvío y Residenciales. También se evalúa la solicitud de reconsideración de sus decisiones.[8] Dicho funcionario cuenta con un término no mayor de treinta (30) días laborables siguientes a la conclusión del Informe de Investigación para celebrar la vista administrativa. Por lo que, si el Oficial Examinador no celebra la correspondiente vista dentro del término dispuesto, la querella disciplinaria será automáticamente desestimada, salvo justa causa o caso fortuito, debidamente documentado.[9]

Por otro lado, la Regla 6 establece que cualquier persona, visitante, miembro de la población correccional, empleado civil de la institución, oficial correccional, funcionario del DCR o empleado de otra agencia que trabaje en la institución, puede presentar una querella contra un miembro de la población correccional según las circunstancias y forma delimitadas en el Reglamento Núm. 9221.[10] Específicamente su sección D establece el procedimiento para el reporte de cargos.[11]

B.

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38 de 30 de junio de 2017, según enmendada[12] (LPAU), dispone el alcance de la revisión judicial de las determinaciones de las agencias. Tanto la referida Ley como la

---

[8] *Id.* (18).
[9] *Id.* Regla 26.
[10] *Id.* Regla 6.
[11] Sección D, Reporte de Cargos: 1. Se notificará por escrito al miembro de la población correccional del acto prohibido que se le imputa, determinado según las normas de conductas establecidas en este Reglamento; 2. La notificación deberá ser clara y específica, precisando los hechos y acciones que constituyen la violación a las reglas y normas de conducta impuestas por el Reglamento; 3. Se incluirá la disposición que fue infringida y se advertirá al miembro de la población correccional que se referirá su caso para la celebración de una vista administrativa, cuya fecha se le notificará más adelante; 4. El reporte de cargo deberá ser notificado personalmente al miembro de la población correccional. Se le informará al miembro de la población correccional que tiene la posibilidad de solicitar que se le provea copia de todo documento que sea parte del reporte de cargo.
[12] 3 LPRA § 9601 *et seq.*

jurisprudencia aplicable establecen que la función revisora de las decisiones administrativas concedida a los tribunales apelativos consiste esencialmente en determinar si la actuación de la agencia fue dictada dentro de las facultades que le fueron conferidas por ley y si la misma es legal y razonable.[13] Al respecto, es norma de derecho claramente establecida que los tribunales apelativos han de conceder gran deferencia y consideraciones a las decisiones de los organismos administrativos en vista de la vasta experiencia y conocimiento especializado.[14] Por lo tanto, los tribunales deben ser cautelosos al intervenir con las decisiones administrativas.[15]

Es por estas razones que, como principio axiomático, las decisiones de los foros administrativos están investidas de una presunción de regularidad y corrección.[16] La presunción de corrección que acarrea una decisión administrativa, deberá sostenerse por los tribunales a menos que la misma logre ser derrotada mediante la identificación de evidencia en contrario que obre en el expediente administrativo.[17] Ello, debido a que los tribunales deben dar deferencia a las determinaciones de las agencias sobre asuntos que se encuentren dentro del área de especialidad de estas.[18]

Asimismo, al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad en la actuación de la agencia.[19] El estándar aplicable en las mencionadas revisiones no es si la decisión administrativa es la mejor, sino si la

---

[13] *T–JAC* v. *Caguas Centrum,* 148 DPR 70 (1999).

[14] *Mun. de San Juan* v. *Plaza Las Américas,* 169 DPR 310, 323 (2006); *Hernández Álvarez* v. *Centro Unido,* 168 DPR 592, 615–616 (2006).

[15] *Metropolitana, S.E.* v. *ARPE,* 138 DPR 200, 213 (1995); *Viajes Gallardo* v. *Clavell,* 131 DPR 275, 289–290 (1992).

[16] *García* v. *Cruz Auto Corp.,* 173 DPR 870 (2008); *Vélez* v. *ARPE,* 167 DPR 684 (2006); *Rivera Concepción* v. *ARPE,* 152 DPR 116, 123 (2000).

[17] *ELA.* v. *P.M.C.,* 163 DPR 478 (2004); *Misión Ind. P.R.* v. *Junta de Planificación,* 146 DPR 64, 130 (1998); *ARPE* v. *Junta de Apelaciones sobre Construcciones y Lotificaciones,* 124 DPR 858 (1989).

[18] *Rivera* v. 152 DPR, pág. 116; *Fac. C. Soc. Aplicadas, Inc.* v. *C.E.S.,* 133 DPR 521 (1993).

[19] *Rebollo Vda. de Liceaga* v. *Yiyi Motors, Motor Ambar, Inc.,* 161 DPR 69 (2004).

determinación de la agencia en cuanto a la interpretación de los reglamentos y las leyes que le incumbe implantar es razonable.[20]

III.

Gautier Rivera nos plantea que la determinación emitida por el DCR no está apoyada en la prueba presentada en la vista administrativa ni en la evidencia que obra en el expediente. Sostiene, además, que la vista no se efectuó conforme a la reglamentación del DCR, y que se le violentó su debido proceso de ley. No nos persuade su contención. Veamos.

La Querella contra Gautier Rivera se radicó el 26 de enero de 2024 y luego de que el **reporte de cargo** fuera entregado en cumplimiento de la Regla 6 sección D, se celebró la vista disciplinaria el 14 de marzo de 2024. En dicha vista el Oficial Examinador evaluó la prueba ante sí y la totalidad del expediente. Particularmente, determinó como hecho probado que, Gautier Rivera "reconoció que **cogió** el azúcar, bajo el argumento de que se le dan para usarla". Así quedó probado que Gautier Rivera cometió los actos prohibidos delimitados en el Código 127 sobre apropiación ilegal o su tentativa[21] y en el Código 222 sobre Abuso o mal uso de Privilegios.[22]

Sobre la alegación de Gautier Rivera en la audiencia, de que tanto el reporte de cargos como la vista se realizaron fuera de términos, el Foro recurrido luego de evaluarlos los declaró no ha lugar. En cuanto al planteamiento de que el Oficial Ortiz no está como testigo en el informe de querella, el mismo fue entrevistado en el proceso de investigación ante la mención del propio Gautier Rivera. Esto último, pese a que, conforme a la evidencia y a los hechos, no era necesario. Nótese que la vista disciplinaria contó con

---

[20] *Empresas Ferrer* v. *ARPE,* 172 DPR 254, 266 (2007); *P.C.M.E* v. *J.C.A*, 166 DPR 599, 617 (2005); *Mun. de San Juan* v. *J.C.A*, 149 DPR 263, 279-282 (1999).
[21] Regla 15 (127) del Reglamento Núm. 9221.
[22] *Id.* Regla 16 (222).

todas las salvaguardas dispuestas tanto en la LPAU como en el Reglamento Núm. 9221 del DCR. No habiendo error, perjuicio o parcialidad en el proceder de la Agencia recurrida, procede confirmar su determinación.

IV.

Por los fundamentos expuestos, se *confirma* el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                              Lcda.  Lilia M. Oquendo Solís
                         Secretaria del Tribunal de Apelaciones